UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>          Plaintiff,<br><br>    v.<br><br>REGINA JOHNSON, *et al.*,<br><br>          Defendants. | Case No. 2:22-cv-01252-JDP (PC)<br><br>ORDER GRANTING MOTION TO FILE LENGTHY COMPLAINT AND DIRECTING THAT PLAINTIFF SHOW CAUSE WHY HIS APPLICATION TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED AND HE BE DIRECTED TO PAY THE ENTIRE FILING FEE<br><br>ECF Nos. 2 & 5 |

Plaintiff, a state prisoner, brings this section 1983 action and, concurrently, has applied to proceed *in forma pauperis*, ECF No. 5. He is, however, a "three-striker" within the meaning of Title 28 U.S.C. § 1915(g).[1] He may only proceed in forma pauperis if he shows that he is within

---

[1] *See, e.g.*, *Hammler v. Dignity Health*, No. 1:20-cv-1778-JLT-HBK (PC), 2021 U.S. Dist. LEXIS 230439, at *10-13 (E.D. Cal. Dec. 1, 2021); *Hammler v. California*, No. 1:20-cv-00630-DAD-GSA (PC), 2020 U.S. Dist. LEXIS 81763, at *1-8 (E.D. Cal. May 8, 2020); *Hammler v. Diaz*, No. 1:20-cv-0488-JLT (PC), 2020 U.S. Dist. LEXIS 210627, at *1-5 (E.D. Cal. Nov. 9, 2020); *Hammler v. Compose*, No. 1:19-cv-01149-DAD-GSA (PC), 2019 U.S. Dist. LEXIS 154434, at *4-6 (E.D. Cal. Sep. 10, 2019); *Hammler v. Allison*, No. 1:21-cv-00122-AWI-GSA (PC), 2021 U.S. Dist. LEXIS 19966, at *11-14 (E.D. Cal. Feb. 1, 2021); *Hammler v. California*, No. 1:19-cv-01057-LJO-SAB (PC), 2019 U.S. Dist. LEXIS 171498, at *2-4 (E.D. Cal. Oct. 2, 2019); *Hammler v. Burns*, No. 1:20-cv-00489-SAB (PC), 2020 U.S. Dist. LEXIS 62772, at *1-6

1    imminent physical danger.  28 U.S.C. § 1915(g).  His current complaint does not make that

2    showing.

3       Plaintiff names at least twenty-six defendants and alleges numerous violations of his

4    rights, all of which he claims are connected by way of an overarching conspiracy.  He claims, for

5    instance, that in March 2022, defendants Herrera and Schuman used excessive force against him.

6    ECF No. 1 at 19-20.  Separately, he alleges that, after this attack, medical defendants failed to

7    ensure that his wounds were cared for appropriately.  *Id.* at 27-28.  He also claims that after

8    declaring his intent to sue over the attack, defendant Capossele brought him a false rules violation

9    report and oversaw a rights-deficient disciplinary hearing in retaliation.  *Id.* at 28-29, 34-35.

10   Finally, plaintiff refences other attacks on his person by other defendants (not Herrera or

11   Schuman).  *Id.* at 38-39.  Plaintiff has not specifically alleged what, if any, imminent harm he

12   now faces, however.  Moreover, given that the complaint encompasses so many separate claims, I

13   cannot tell whether any risk of imminent harm, to the extent it might exist, is sufficiently related

14   to the crux of the suit.  Plaintiff may respond to this order within thirty days with an amended

15   complaint that explains why he should be allowed to proceed notwithstanding his status as a

16   "three-striker."

17       Accordingly, it is ORDERED that:

18      1.  Plaintiff's motion to file a complaint in excess of twenty-five pages, ECF No. 2, is

19   GRANTED.

20      2.  The Clerk of Court is directed to send plaintiff a section 1983 complaint form.

21      3.   Within thirty days plaintiff may file an amended complaint that explains why he

22   should be allowed to proceed *in forma pauperis* and that contains only related claims.  If he fails

23   to do so, I will recommend that this application to proceed *in forma pauperis* be denied and he be

24   required to tender the full filing fee.

---

(E.D. Cal. Apr. 8, 2020); *Hammler v. Diaz*, No. 1:20-cv-0488-JLT (PC), 2020 U.S. Dist. LEXIS 210627, at *4-7 (E.D. Cal. Nov. 9, 2020).

1
2   IT IS SO ORDERED.
3
4   Dated:    November 7, 2022                    /s/ Jeremy Peterson
                                                  JEREMY D. PETERSON
5                                                       UNITED STATES MAGISTRATE JUDGE

3