UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>        Plaintiff,<br><br>   v.<br><br>REGINA JOHNSON, *et al.*,<br><br>        Defendants. | Case No. 2:22-cv-01252-JDP (PC)<br><br>ORDER THAT THE CLERK OF COURT ASSIGN A DISTRICT JUDGE TO THIS CASE<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>ECF No. 5<br><br>FOURTEEN-DAY DEADLINE |

    Plaintiff has filed a request to proceed *in forma pauperis*, ECF No. 5. He is, as explained in my previous order, ECF No. 12, a "three-striker" within the meaning of Title 28 U.S.C. § 1915(g). ECF No. 8. Plaintiff was previously determined to have filed at least three cases that were dismissed for failure to state a viable claim.[1] Three-strikers may still proceed *in forma*

---

[1] *See Hammler v. Dignity Health*, No. 1:20-cv-1778-JLT-HBK (PC), 2021 U.S. Dist. LEXIS 230439, at *10-13 (E.D. Cal. Dec. 1, 2021); *Hammler v. California*, No. 1:20-cv-00630-DAD-GSA (PC), 2020 U.S. Dist. LEXIS 81763, at *1-8 (E.D. Cal. May 8, 2020); *Hammler v. Diaz*, No. 1:20-cv-0488-JLT (PC), 2020 U.S. Dist. LEXIS 210627, at *1-5 (E.D. Cal. Nov. 9, 2020); *Hammler v. Compose*, No. 1:19-cv-01149-DAD-GSA (PC), 2019 U.S. Dist. LEXIS 154434, at *4-6 (E.D. Cal. Sep. 10, 2019); *Hammler v. Allison*, No. 1:21-cv-00122-AWI-GSA (PC), 2021 U.S. Dist. LEXIS 19966, at *11-14 (E.D. Cal. Feb. 1, 2021); *Hammler v. California*, No. 1:19-cv-01057-LJO-SAB (PC), 2019 U.S. Dist. LEXIS 171498, at *2-4 (E.D. Cal. Oct. 2, 2019); *Hammler v. Burns*, No. 1:20-cv-00489-SAB (PC), 2020 U.S. Dist. LEXIS 62772, at *1-6

1

1  *pauperis* if their complaint makes a showing of imminent physical danger.  28 U.S.C. § 1915(g).
2  As with plaintiff's initial complaint, the focus of the amended complaint is on an instance of
3  excessive force that occurred in March 2022, during which defendants Herrera, Schuman, and
4  Burkhart allegedly attacked plaintiff.  ECF No. 11 at 10, 21-25.  Plaintiff alleges that other
5  defendants stood by and failed to help, helped cover up the use of force after the fact, or declined
6  to give him medical aid for the injuries he sustained.  *Id.* at 23-29.  The initial complaint in this
7  action was filed on July 15, 2022.  ECF No. 1.

8  As an initial matter, a past incident of excessive force does not support a finding of
9  imminent danger for the purposes of § 1915(g).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1053
10 (9th Cir. 2007) ("[T]he availability of the exception turns on the conditions a prisoner faced at the
11 time the complaint was filed, not at some earlier or later time.").  Plaintiff has not shown that at
12 the time this action was started in July 2022, he was in imminent physical danger.  His first
13 amended complaint argues that he meets the exception because, in December 2022, other non-
14 defendant staff used excessive force against him again.  ECF No. 11 at 4.  This later incident of
15 force does not show that plaintiff was in danger at the time the complaint was filed.  Additionally,
16 "the PLRA requires a nexus between the alleged imminent danger and the violations of law
17 alleged in the prisoner's complaint."  *Ray v. Lara*, 31 F. 4th 692, 700-701 (9th Cir. 2022).  To find
18 a sufficient nexus, a court must determine whether "(1) whether the imminent danger of serious
19 physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted
20 in the complaint and (2) whether a favorable judicial outcome would redress that injury."  *Id.* at
21 700.  Here, the second incident of excessive force, insofar as it concerns separate non-defendants,
22 is not fairly traceable to the attack at issue in this case.  And, even if it was, a favorable judicial
23 outcome on the claims surrounding the March 2022 attack would not provide any redress with
24 regard to the later attack.

25 Accordingly, I now recommend that plaintiff's application to proceed *in forma pauperis*
26 be denied.  If he wishes to proceed with this suit, he must first pay the filing fee.

---

28 (E.D. Cal. Apr. 8, 2020); *Hammler v. Diaz*, No. 1:20-cv-0488-JLT (PC), 2020 U.S. Dist. LEXIS 210627, at *4-7 (E.D. Cal. Nov. 9, 2020).

Accordingly, it is RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 5, be DENIED.

2. Plaintiff be directed to pay the full filing fee within fourteen days of any order adopting these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: April 5, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3