UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER, | No. 2:22-cv-01252-KJM-JDP (PC) |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| REGINA JOHNSON, et al., | |
| Defendants. | |

Plaintiff, proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 5, 2023, the magistrate judge filed findings and recommendations, which were served on plaintiff and contained notice that any objections to the findings and recommendations were to be filed within fourteen days. Findings and Recommendations, ECF No. 12. Plaintiff has filed objections. Objs., ECF No. 20.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court **declines to adopt** the findings and recommendations.

Plaintiff asks to proceed *in forma pauperis*, ECF No. 5, which the magistrate judge recommends denying because plaintiff is a "three-striker" under 28 U.S.C. § 1915(g), ECF No. 12

1

at 1. The magistrate judge cites plaintiff's prior cases that were dismissed for failure to state a viable claim and then concludes plaintiff has not properly alleged imminent physical danger. *See id.* at 1 n.1 (listing cases), 2 (reasoning two unconnected incidents of excessive force do not show imminent danger). The issue here is whether plaintiff has properly alleged imminent physical danger, and the court concludes he has.

Section 1915 does not permit a "three-striker" to proceed *in forma pauperis* unless he alleges an imminent danger of serious physical injury. *Andrew v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). The Ninth Circuit has explained that "imminent" danger means an allegation of "an ongoing danger." *Id.* at 1056 (citation omitted). As a result, an allegation that "prison officials continue with a practice that has injured [plaintiff] or others similarly situated in the past will satisfy the 'ongoing danger' standard." *Id.* at 1057 (citation omitted). That allegation must be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022).

Plaintiff's amended complaint alleges a conspiracy to perpetrate and conceal a series of physical attacks against him and other prisoners in the mental health unit of his prison. Am. Compl. ¶ 2b, ECF No. 11. Although the findings and recommendations suggest there are only two alleged incidents, *see* Findings and Recommendations at 2, the complaint delineates several more. Plaintiff alleges he was severely beaten by correctional officers on January 7, 2022. Am. Compl. ¶¶ 2a, 77. He alleges threats of violence by correctional officers on March 1, 2022, *id.* ¶¶ 22–24, as well as threats on March 4, 2022, *id.* ¶¶ 25–26, 31, 43, 44, which culminated in the officers also severely beating plaintiff on March 4, *id.* ¶¶ 45–55. Plaintiff was left in pain and not given timely medical treatment. *See, e.g.*, *id.* ¶¶ 58–60. A month later, plaintiff alleges officers taunted and threatened plaintiff with future attacks. *Id.* ¶¶ 74–75. On May 8, 2022, plaintiff was again physically assaulted by a correctional officer, and later that month, he was again threatened with physical violence. *Id.* ¶ 76. Since the filing of the initial complaint, plaintiff alleges these types of attacks have been "prevalent." *Id.* ¶ 2b. For example, on December 13, 2022—a month prior to the filing of the amended complaint—he alleges he was severely beaten again by correctional officers, which was again covered up by those officers. *Id.*

Plaintiff alleges an "ongoing" pattern by correctional officers of verbal threats and physical assaults. *Id.* ¶ 2. This pattern, supported by numerous detailed factual allegations, goes beyond the two incidents cursorily discussed in the findings and recommendations. *See* Findings and Recommendations at 2. Moreover, this pattern of violence is attributable to the factual allegations that underlie plaintiff's cruel and unusual punishment, deliberate indifference and excessive force claims. *See* Am. Compl. § V, Legal Claims. Plaintiff's injuries are plausibly redressable by the court, given plaintiff seeks injunctive relief to end the "imminent danger to the plaintiff." *See id.* § VI, Prayer for Relief. Plaintiff has thus plausibly alleged an ongoing danger of serious physical injury and meets the imminent danger exception to the three-strikes rule. Because the magistrate judge has not yet screened the complaint as required by the *in forma pauperis* statute, *see* 28 U.S.C. § 1915(e)(2), the court **refers** this matter back to the assigned magistrate judge.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed April 5, 2023, are NOT adopted; and

2. This matter is referred back to the assigned magistrate judge for all further pretrial proceedings consistent with this order.

DATED: August 24, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE