1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALLEN HAMMLER,                          Case No.  2:22-cv-001252-KJM-JDP (PS)

12              Plaintiff,                    **ORDER**

13        v.                                  GRANTING PLAINTIFF'S APPLICATION
                                              TO PROCEED *IN FORMA PAUPERIS*,
14   REGINA JOHNSON, *et al.*,                DENYING HIS MOTION TO RECUSE,
                                              FINDING THAT THE COMPLAINT DOES
15              Defendants.                   NOT COMPLY WITH FEDERAL RULES,
                                              AND GRANTING PLAINTIFF LEAVE TO
16                                            AMEND

17                                            ECF Nos. 1, 5, & 22

18

19
            Plaintiff, a state prisoner proceeding without counsel, alleges numerous violations of his
20
     rights by more than thirty defendants at California State Prison Sacramento.  The complaint,
21
     insofar as it does not put forth a "short and plain statement" showing that plaintiff is entitled to
22
     relief, is deficient.  *See* Fed. R. Civ. P. 8(a)(2).  I will allow plaintiff an opportunity to amend his
23
     complaint to remedy this issue.  I will also, in light of the district judge's recent order, ECF No.
24
     21, grant plaintiff's application to proceed *in forma pauperis*, ECF No. 5.  Finally, I will deny
25
     plaintiff's motion that I recuse myself.  ECF No. 22.
26

27

28

                                              1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's complaint runs to fifty pages and implicates approximately thirty defendants, some of whom are identified only as "Does." Moreover, the complaint is not organized in a manner that permits the reader to grasp how many claims are being made against each defendant. Across numerous pages, plaintiff lists various violations of his rights, including

2

an Eighth Amendment use of excessive force, a First Amendment claim for abridging his free speech, separate claims for First Amendment retaliation and selective enforcement, and due process claims.  I can understand what is alleged to have befallen plaintiff in a narrative sense, but the complaint fails to connect each violation of his rights to the relevant named defendants.  If plaintiff wishes to name numerous defendants and to invoke several, presumably related, violations of his rights, he would do better to organize his complaint in a defendant-by-defendant manner so that each defendant can easily tell how he or she is alleged to have wronged plaintiff. *See Bonnette v. Dick*, No. 1:18-cv-0046-DAD-BAM, 2020 U.S. Dist. LEXIS 108896, *19 (E.D. Cal. June, 2020) ("Plaintiffs must clearly identify which defendant(s) they believe are responsible for each violation of their constitutional rights and set forth the supporting factual basis so that the complaint places each defendant on notice of Plaintiffs' claims against him or her.").

Plaintiff is advised that the amended complaint will supersede the current one.  *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Lastly, I will deny plaintiff's motion that I recuse myself.  ECF No. 22.  He argues that I have evidenced a "clear bias" against him, as demonstrated by an alleged unwillingness to "mov[e] the matter forward in the speediest manner."  *Id.* at 1.  A judge must disqualify himself or herself in any proceeding in which their "impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Additionally, a judge must recuse when a party files "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  28 U.S.C. § 144.  Plaintiff has not offered any convincing argument or evidence that I am biased against him.  His claim that this case is not moving forward in "the speediest manner" is not evidence of bias.  For this argument to have any

persuasive value plaintiff would have to provide data that his case is an outlier and that all or most other prisoner cases assigned to me are being prioritized or treated differently.  He has failed to do so.

Accordingly, it is ORDERED that:

1.  Within thirty days from the service of this order, plaintiff may file an amended complaint.  If he does not, I may recommend that this action be dismissed.

2.  The Clerk of Court is directed to send plaintiff a complaint form.

3.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 5, is GRANTED as falling within the imminent danger exception to section 1915(g).

4.  Plaintiff's motion for recusal, ECF No. 22, is DENIED.

5.  Plaintiff's notice of action, ECF No. 24, construed as a motion, is DENIED as unnecessary.


IT IS SO ORDERED.


Dated:   __March 4, 2024__                          _____
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE

4