UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER, | Case No. 2:22-cv-1252-DC-JDP (P) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| REGINA JOHNSON, *et al.*, | |
| Defendants. | |

Plaintiff, a prisoner at California State Prison, Los Angeles, alleges that defendants violated his Eighth Amendment rights on two occasions in March 2022. ECF No. 32 at 3. After reviewing the second amended complaint, I find that the Eighth Amendment excessive force claims against defendants Herrera, Regina Johnson, E. Johnson, and J. Bouldry based on the March 1, 2022 incident are suitable to proceed. The claims related to the incident on March 4, 2022 should be dismissed without prejudice as insufficiently related; plaintiff must pursue them, if at all, in a separate suit.

**Screening Order**

**I.    Screening and Pleading Requirements**

1

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

The complaint contains two claims against multiple defendants that are insufficiently related to proceed in a single action. First, plaintiff alleges that, on March 1, 2022, defendant Herrera violated his Eighth Amendment rights by unnecessarily using pepper spray against him. ECF No. 32 at 9. He claims that defendants Regina Johnson, E. Johnson, and J. Bouldry were present on that date, but failed to intervene. *Id.* Second, plaintiff alleges that defendants Herrera,

1   Schuman, White, Burkhart and various other officers used excessive force (or failed to intervene
2   to stop the use of force) on March 4, 2022, during a transfer. *Id.* at 10, 22, 24-25.

3   There may be some overlap between the two claims insofar as both involve defendant
4   Herrera's alleged use of excessive force and the alleged failure of supervisory defendants to
5   protect him, but the claims are otherwise factually distinct. The first claim presents a more
6   limited incident of force involving only a few defendants, during which only Herrera is alleged to
7   have used unnecessary force. By contrast, the second claim involves numerous officers and
8   medical providers who attacked or failed to stop an attack during a transfer. Specifically, plaintiff
9   alleges that Herrera, Schuman, and Burkhart all struck him repeatedly, while defendants White,
10  Avila, Corral, Diaz, and Whitecotton were present and failed to intervene. *Id.* at 23-26.
11  Additionally, the second claim is linked to a claim for inadequate medical care, insofar as plaintiff
12  alleges that defendants Pohovich, Barcellona, Thayer, Bell-Sprinkel, Abdule, Thompson, and
13  "Doe" failed to secure him medical treatment for the wounds he sustained in the March 4 attack.
14  *Id.* at 27-30.

15  Complicating matters further, plaintiff alleges that every defendant's alleged misconduct
16  was undertaken in retaliation for him voicing his opinions on their prior wrongful conduct. *Id.* at
17  32-33. This claim, however, is non-cognizable. Broad claims of retaliation, unsupported by
18  specific allegations, against numerous defendants, do not meet federal pleading standards. *Ivey v.*
19  *Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) (vague and conclusory allegations of civil
20  rights violations are insufficient).

21  I also find that plaintiff's claim for an "unconstitutional pattern or custom" against
22  defendants Lynch and Burkhart is non-cognizable. He broadly alleges that these supervisory
23  defendants have engendered such a custom by failing to adequately supervise and discipline
24  correctional officers who use excessive force. ECF No. 32 at 38-39. Assuming this claim is
25  sufficiently related to the March 1, 2022 use of force incident, plaintiff has failed to provide
26  specific allegations that either of these defendants had an unwritten policy of enabling
27  correctional officers who used excessive force. The fact that excessive force was allegedly used
28  against him does not compel such a conclusion. This claim should also be dismissed.

I recommend that only plaintiff's excessive force claims related to the March 1, 2022 use of force incident proceed. "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Plaintiff may bring his other claims, if he chooses, in a separate suit. Given that the statute of limitations for a California prisoner's section 1983 claim is effectively four years, I find that plaintiff will not be prejudiced by the severance of claims. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) ("For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."); *Lewis v. Khan*, No.: 3:19-cv-1254-WQH-AHG, 2019 U.S. Dist. LEXIS 141386, *8 (C.D. Cal. Aug. 20, 2019) ("[T]he effective statute of limitations for most California prisoners is three years for claims accruing before January 1, 2003, corresponding to a one-year limitations period and two years for statutory tolling, and four years for claims accruing thereafter . . . ."). His claim arising from the second March 2022 incident of force appears capable of being timely brought in another suit.

This case has been pending at the screening stage since July 2022. At this point, I find that the severance of claims rather than further opportunities to amend is appropriate.

Accordingly, it is RECOMMENDED that plaintiff should be permitted to proceed with his Eighth Amendment claims related to the March 1, 2022 incident of force against defendants Herrera, Regina Johnson, E. Johnson, and J. Bouldry. All other claims should be dismissed for the reasons stated above. If these recommendations are adopted, I will direct service for the aforementioned defendants.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 13, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE