UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br>Plaintiff,<br>v.<br>REGINA JOHNSON, et al.,<br>Defendants. | No. 2:22-cv-01252-DC-JDP (PC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 34) |

Plaintiff Allen Hammler, a state prisoner proceeding *pro se*, filed this civil rights case seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 19, 2024, Plaintiff filed a second amended complaint ("SAC") against Defendants Regina Johnson, M. Burkhart, E. Johnson, Michael Axelman, Joseph Costa, Maria Barcellona, Nicol Thompson, D. Diaz, Whitecotton, J. Bouldry, S. Elizarraras, G. Herrera, B. Schumann, J. White, Pohovich, Jeffery Lynch, M. McGhee, Thayer, Bell-Sprinkel, and Abdule. (Doc. No. 32).

In the SAC, Plaintiff first alleges Defendant G. Herrera attacked him on March 1, 2022, when he attempted to remove him from his cell. (*Id*. at 9–10, 34.) Plaintiff alleges several defendants were present and/or aware of Defendant G. Herrera's conduct and failed to intervene. (*Id*. at 8–10, 34, 36–38.) Plaintiff next alleges that on March 4, 2022, he was attacked by

Defendants G. Herrera, M. Burkhart, and B. Schumann when they attempted to transfer him to "standalone." (*Id*. at 23–26.) Plaintiff alleges that during the second attack several other defendants were present and failed to intervene. (*Id*. at 23–26, 36.) Additionally, Plaintiff alleges he was not provided with adequate medical care following the March 4, 2022 incident by defendants who were present during the attack and additional defendants. (*Id*. at 26–30, 36.)

Because of those allegations, Plaintiff raises the following claims: (1) retaliation in violation of the First Amendment against all Defendants; (2) excessive force in violation of the Eighth Amendment against Defendants G. Herrera, B. Schumann, and M. Burkhart; (3) failure to intervene in violation of the Eighth Amendment against Defendants Regina Johnson, E. Johnson, Michael Axelman, Joseph Costa, J. Bouldry, Pohovich, J. White, Whitecotton, S. Elizarraras, Maria Barcellona; (4) deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendants Regina Johnson, E. Johnson, Michael Axelman, Joseph Costa, J. Bouldry, Pohovich, J. White, Whitecotton, S. Elizarraras, Maria Barcellona, Thayer, Bell-Sprinkel, and Abdule; (5) liability for unconstitutional pattern/custom against Defendants Lynch and J. Bouldry; and (6) negligence against all Defendants. (*Id*. at 26–30, 32–40.)

On January 14, 2025, the magistrate judge screened Plaintiff's SAC and issued findings and recommendations. (Doc. No. 34.) Therein, the magistrate judge first found Plaintiff's retaliation claim was non-cognizable because it was unsupported by specific allegations. (*Id*. at 3.) Next, the magistrate judge found Plaintiff's claim for an unconstitutional pattern or custom against Defendants Lynch and J. Bouldry[1] was non-cognizable because he failed to provide specific allegations that either of these defendants had an unwritten policy of enabling correctional officers who used excessive force. (*Id*.) Lastly, the magistrate judge found the facts surrounding the March 1, 2022, and March 4, 2022, incidents were "factually distinct" and "insufficiently related to proceed in a single action." (*Id*. at 2–3.)

---

[1] In his findings and recommendations, the magistrate judge analyzed Plaintiff's unconstitutional pattern or custom claim and Defendants Lynch and M. Burkhart as non-cognizable. (Doc. No. 34 at 3.) However, the magistrate's identification of Defendant M. Burkhart appears to be a typographical error because Plaintiff brought his unconstitutional pattern or custom claim against Defendants Lynch and J. Bouldry.

The magistrate recommended that Plaintiff be permitted to proceed with his Eighth Amendment claims related to the March 1, 2022 incident against Defendants G. Herrera, Regina Johnson, E. Johnson, and J. Bouldry. (*Id*. at 4.) The magistrate judge next recommended Plaintiff's other claims related to the March 4, 2022 incident be dismissed without prejudice as insufficiently related to be pursued by Plaintiff in a separate suit. (*Id*. at 3–4.)

The findings and recommendations were served upon Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id*.) After an extension of time, Plaintiff timely filed objections to the findings and recommendations on February 18, 2025. (Doc. Nos. 36; 37.) In his objections, Plaintiff argues his claims should not be severed because his claims arise out of the same transaction or series of transactions and involve common questions of fact. (Doc. No. 37 at 2–3.) Specifically, Plaintiff argues he has properly alleged Defendants are involved in a pattern of longstanding abuse against him. (*Id*. at 3.) The court finds Plaintiff's argument unpersuasive.

Permissive joinder under Federal Rule of Civil Procedure 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Ag.*, 558 F.2d 914, 917 (9th Cir. 1997); *see United Mine Workers v. Gibb*, 383 U.S. 715, 724 (1966) (recognizing that under the Federal Rules of Civil Procedure, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged"). Rule 20(a)(2) sets two specific requirements for permissive joinder: "(1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir, 1980) (citing *League to Save Lake Tahoe*, 558 F.2d at 917).

Under the first requirement, courts assess the facts of each case individually to determine whether joinder is sensible. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). "The 'same transaction' requirement of Rule 20 refers to 'similarity in the factual background of a claim;

claims that arise out of a systematic pattern of events' and have a 'very definite logical relationship.'" *Hubbard v. Hougland*, No. 09-cv-00939-JAM-GGH, 2010 WL 1416691, at *3 (E.D. Cal. Apr. 5, 2010) (quoting *Bautista v. L.A. Cnty.*, 216 F.3d 837, 842–43 (9th Cir. 2000)). As to the second requirement, Rule 20(a)(2) requires only a single common question, not multiple common questions. Fed. R. Civ. P. 20. "The common question may be one of fact or of law and need not be the most important or predominant issue in the litigation." *Johnson v. Shaffer*, No. 12-cv-01059-KJM-AC, 2013 WL 140115, at *2 (E.D. Jun. 10, 2013) (citing *Mosley v. Gen. Motors Corp.*, 479 F.2d 1330, 1333 (8th Cir. 1974)). Additionally, even if a court finds that the requirements have been met, "a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (citing *Desert Empire Bank*, 623 F.2d at 1375).

Here, as the magistrate judge found, Plaintiff's claims are factually distinct. Both alleged incidents involved Defendant G. Herrera however, they do not arise from the same transaction or occurrence in which all defendants were involved. Indeed, numerous defendants, including officers and medical providers, are only alleged to have interacted with Plaintiff during the March 4, 2022 incident. While Plaintiff alleges all Defendants were retaliating against him and were engaged in a "pattern of longstanding abuse" (Doc. Nos. 32 at 32–35; 37 at 2), as the magistrate properly noted, Plaintiff's retaliation and unconstitutional pattern or custom claims were non-cognizable. (Doc. No. 34 at 3.) Therefore, Plaintiff has failed to show how his claims involving the March 1, 2022 incident are connected with his claims involving the March 4, 2022 incident.

Plaintiff next argues the court should not dismiss his claims involving the March 4, 2022 incident because they are the main basis of his complaint. (*Id.* at 2–3.) Where parties have been misjoined, the court may dismiss a party or sever the claims against the party. Fed. R. Civ. P. 21; *see e.g., Gilmore v. Bauder*, No. 19-cv-01229-NONE-SKO, 2021 WL 1123210, at *1 (E.D. Cal. Mar. 24, 2021 (dismissing severed claims without prejudice), *Harrison v. Linde*, No. 12-cv-02000-KJM-CKD, 2013 WL 3872833, at *1 (E.D. Cal. Jul. 25, 2013) (directing the clerk of court to assign a new case number for the severed claims). In determining which of these two remedial

options should be applied, district courts "conduct a prejudice analysis," which must take into account the "loss of otherwise timely claims if new suits are blocked by statutes of limitations." *Rush v. Sport-Chalet, Inc.*, 779 F.3d 973, 975 (9th Cir. 2015) (quoting *DirectTV, Inc. v. Leto*, 467 F.3d 842, 846–47 (3d Cir. 2006)). Other relevant factors include: (1) where the parties are in the discovery process and (2) the past and future expenditures of both the court and the parties. *Robinson v. Geithner*, No. 05-cv-01258-LJO-SKO, 2011 WL 66158 at *10 (E.D. Cal. Jan. 10, 2011).

Here, the magistrate judge recommended dismissal of Plaintiff's claims arising from the March 4, 2022 incident because they are insufficiently related and can be pursued in a separate suit. (Doc. No. 34 at 4.) However, when the magistrate judge recommended dismissal, Plaintiff's claims were timely under the effective four-year statute of limitations for 42 U.S.C. § 1983 prisoner claims in California. *See Lewis v. Khan*, No. 19-cv-01254-WQH-AHG, 2019 WL 3936138, at *4 (S.D. Cal. Aug. 20, 2019) ("[T]he effective statute of limitations for most California prisoners is three years for claims accruing before January 1, 2003, corresponding to a one-year limitations period and two years for statutory tolling, and four years for claims accruing thereafter . . ."). Now, it is likely that all of Plaintiff's claims involving the March 2022 incidents would be time-barred if he was required to refile them at this stage. Therefore, the court will sever the claims into separate cases.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The findings and recommendations issued on January 14, 2025 (Doc. No. 34) are ADOPTED in part;
2. Plaintiff's retaliation claim against all Defendants is dismissed (Claim 1);
3. Plaintiff's unconstitutional pattern or custom claim against Defendants Jeffrey Lynch and J. Bouldry is dismissed (Claim 5);
4. Plaintiff's Eighth Amendment claims and negligence claim related to the March 1, 2022 alleged incident against Defendants G. Herrera, Regina Johnson, E. Johnson, M. McGhee, and J. Bouldry will be permitted to proceed in this case;
5. The Clerk of the Court is directed to:

a. Assign a new case number for Plaintiff's Eighth Amendment claims and negligence claim related to the March 4, 2022 alleged incident against Defendants G. Herrera, B. Schumann, M. Burkhart, Michael Axelman, Joseph Costa, J. Bouldry, S. Elizarraras, J. White, D. Diaz, Whitecotton, Maria Barcellona, Nicol Thompson, Thayer, Bell-Sprinkel, Abdule, Pohovich, Regina Johnson, E. Johnson, and Jeffery Lynch, as described above;

b. Assign the new case to the same district court and magistrate judge as in this case;

c. File and docket a copy of this order in the instant case and the new civil case opened for Plaintiff;

d. Place a copy of Plaintiff's second amended complaint (Doc. No. 32) into the new civil case opened for him;

e. Issue new case documents bearing the new case number assigned to the individual case; and

f. Make an adjustment in the assignment of civil cases to compensate for the new case filed as ordered above; and

6. This matter is referred back to the assigned magistrate judge for all further pretrial matters.

IT IS SO ORDERED.

Dated: **July 24, 2026**

Dena Coggins
United States District Judge